# EXHIBIT "1"

# EXHIBIT "1"

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

LEROY EDWARD DOOLEY,

    Plaintiff,

vs.

NEWMONT USA LIMITED, a Delaware Corporation; DOES I-X; ROE BUSINESS ENTITIES I-X,

    Defendant

Case No.: A-20-825578-C

Dept. No. 14

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**NEWMONT USA LIMITED, a Delaware Corporation;**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By: _____  2/16/2021
    Deputy Clerk        Date

Demond Palmer

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4(b).

STATE OF _____ )
                                     )ss:                  **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received \_\_\_\_\_ copy(ies) of the Summons and Complaint, _____
on the _____ day of _____, 20\_\_\_\_\_ and served the same on the _____ day of _____, 20\_\_\_\_\_ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____ at (state address) _____
_____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.

    a.   With _____ as _____ , an agent lawfully designated by statute to accept service of process;
    b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

        _____ Ordinary mail
        _____ Certified mail, return receipt requested
        _____ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                                                                        Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                                                                        Signature of person making service

Electronically Filed
11/30/2020 9:28 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff LeRoy Edward Dooley

CASE NO: A-20-825578-C
Department 14

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

LEROY EDWARD DOOLEY,

                Plaintiff,

vs.

NEWMONT USA LIMITED, a Delaware Corporation; DOES I-X; ROE BUSINESS ENTITIES I-X,

                Defendant.

Case No.:

Dept. No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption Claimed: Action seeking equitable or extraordinary relief**

    COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

### I.    JURISDICTION AND VENUE

    This court has subject matter jurisdiction pursuant to NRS 613.420-432 and under the Americans with Disabilities Act of 1991 as amended in January 2009 (ADA). The court has jurisdiction over the parties hereto as set forth herein.

    Venue is proper in this court under NRS 13.040 because the Defendant's principal place of business is in Greenwood Village, Colorado and not within any county in the State of Nevada to the knowledge of the Plaintiff. All of the material events at issue in this case took place in the State of Nevada.

1

## II.     CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1. This is a civil action for damages under federal statutes prohibiting discrimination and to redress deprivation of rights under these laws, as well as claims under Nevada law, NRS Chapter 613.

2. Plaintiff's federal statutory claims arise under the Americans with Disabilities Act of 1991, as amended. His state law claims arise under NRS 613.310 *et seq*.

3. Plaintiff LEROY EDWARD DOOLEY (who sometimes goes by the name "Ed Dooley") was at the times relevant to this complaint, a resident of Elko County, Nevada. He now resides in Park City, Montana.

4. Defendant NEWMONT USA LIMITED ("Defendant" or "Defendant Newmont") is a Delaware corporation and was at all relevant times mentioned herein, authorized to conduct business in the State of Nevada. It maintains a place of business in Elko County, Nevada. It has its principle place of business for purposes of residency at 6383 South Fiddlers Green Circle, Greenwood, Colorado 80111. Upon information and belief this Defendant has merged or become a joint venture with another company and the resulting entity is Nevada Gold Mines. This Defendant also sometimes refers to itself as "Newmont Mining Corporation" but the Nevada Secretary of State has no record of any such entity having registered or been authorized to conduct business in the State of Nevada. Plaintiff reserves the right under the law to amend this Complaint or otherwise pursue action to bring claims against any other appropriate entity and the appropriate time, if necessary.

5. Doe Individuals and Roe Business Entities Defendants are parties whose names or true identities are not presently known to the Plaintiff. However, these defendants are believed to have some responsibility for the acts or omissions complained of herein. Upon discovery of the true name of any party, the Plaintiff will seek to amend this Complaint accordingly.

6. As a fictional legal entity, Defendant Newmont can only operate through its agents, managers, and employees.

7. Defendant Newmont is vicariously liable for the acts and omissions committed by those agents, managers, and employees in the course of operating the Defendant's business, including in their dealings with the Plaintiff in his employment.

8. As Plaintiff's employer during the relevant time period, Defendant was operating a business within the State of Nevada. Defendant was engaged in an industry affecting commerce and employed more than 500 employees in the two calendar years preceding the events in question. Defendant has sufficient minimum contacts by virtue of its precious metals mining operations, business operations and locations, and ownership of real and personal property located in the State of Nevada in order to bring it within the personal jurisdiction of the Nevada state District Court consistent with due process and Nevada's long-arm statute, NRS 14.065.

9. As an employer in Nevada, Defendant is required to comply with all state and federal statutes which prohibit disability discrimination, as well as retaliation.

## FACTS

10. Plaintiff was employed by Defendant as a Process Maintenance Mechanic at one or more of the Defendant's place of business, including Mill 6 at its minesite in the vicinity of Carlin, Nevada, from March 5, 2007 through December 8, 2018.

11. Plaintiff was a good employee and enjoyed a successful tenure and performed his duties in a manner that met or exceeded the reasonable expectations of the Defendant.

12. In December 2017 Plaintiff was forced to take a medical leave of absence from his job with Defendant and applied for and was approved for short-term disability payments. Plaintiff was out on leave until Defendant terminated his employment on or about December 8, 2018 as further described herein.

3

13. Plaintiff went out on medical leave to have surgery on his lumbar spine in December 2017. This did render him unable to work for a period of about four months.

14. For several months beginning as early as April 2018 Plaintiff began speaking with Defendant's because he contended that he could return to work and perform the essential functions of his job with a reasonable accommodation. One specific accommodation was that Plaintiff be assigned to the same job duties that he had been performing for approximately 10 years, from 2007 to 2017, which was the Preventive Maintenance track. Defendant refused to engage in a reasonable good faith individualized interactive process to provide a reasonable accommodation telling Plaintiff that he could only return to work if he was 100% healed and could work full-duty without an accommodation as a "shifter."

15. Plaintiff also suggested that there were other vacant jobs at Defendant Newmont that he could fill such as Tool Room Operator, Forklift Operator, and Lab Maintenance Tech, among others. Defendant refused to consider placing Plaintiff into these vacant positions and instead gave the jobs to less qualified persons who had less seniority than Plaintiff.

16. Defendant never engaged in good faith in an individualized interactive process to find a reasonable accommodation to bring Plaintiff back to work.

17. Defendant never offered any reasonable accommodation and ignored the Plaintiff's suggested reasonable accommodations.

18. Plaintiff timely filed a formal charge of disability discrimination under the ADA and NRS Chapter 613 on March 20, 2019 by submitting a sworn Form 5 Charge of Discrimination to the EEOC. He had previously timely submitted an intake questionnaire in approximately January 2019 seeking to file a formal charge of discrimination with the Nevada Equal Rights Commission (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC).

19. Plaintiff has exhausted all required administrative avenues through the NERC and the EEOC.

4

On September 2, 2020 EEOC issued a Notice of Suit Rights for Plaintiff's claims under the ADA and NRS Chapter 613 for disability discrimination.

20. This action was timely filed.

**FIRST CLAIM: DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT**

All other Paragraphs and/or pertinent allegations set forth in this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

21. Plaintiff was a qualified person with a disability. Plaintiff had a physical condition that limited him in one or more of his major life activities. At the relevant time this included a restriction on his ability to lift and carry, alternating between siting and standing, and some restrictions on certain movements, none of which would have prevented Plaintiff from performing the essential functions of his job with an accommodation. Plaintiff was capable of performing all of the essential functions of his job with the Defendant with or without a reasonable accommodation. He has years of experience in the field and type of work that he was hired to perform for Defendant.

22. There were one or more reasonable accommodations that would permit the Plaintiff to perform the essential functions of his employment. These may have included a leave of absence to permit Plaintiff more time to heal (although Plaintiff contends that he could work as of April 2018), reduced work schedule, job restructuring, provision of assistive equipment, job reassignment, or other accommodations recognized as reasonable accommodations under the ADA.

23. Defendants failed to provide a reasonable accommodation and failed to engage in good faith in the required individualized interactive process to determine a reasonable accommodation.

24. Plaintiff's was discharged from employment with Defendant in whole or in part because of the

5

Plaintiff's disability.

25. Plaintiff was discriminated against in the terms, conditions, or privileges of employment by Defendant in violation of 42 U.S.C. § 12112.

26. Any reasonable accommodation that the Plaintiff could have been provided would not have constituted an undue hardship on the Defendant.

27. Plaintiff's employment under a reasonable accommodation would not have resulted in a direct threat to the health or safety of others.

28. One or more reasonable and effective accommodations were requested by Plaintiff including, but not limited to job restructuring and job reassignment.

29. Plaintiff was capable of performing all of the essential functions of his job with Defendant either with or without a reasonable accommodation.

30. The Defendant breached its statutory legal duty to engage in a good faith interactive process with Plaintiff to determine and implement a reasonable and effective accommodation.

31. Plaintiff suffered lost wages, lost benefits of employment, suffered emotional distress, mental anguish, embarrassment, humiliation, and other general and compensatory damages in amounts to be determined at trial.

32. Defendant's actions were undertaken with knowing or reckless disregard for Plaintiff's rights under the ADA making punitive or exemplary damages appropriate to award to Plaintiff and against Defendant to punish and to deter such conduct in the future.

33. Plaintiff is entitled to all remedies available under the Americans With Disabilities Act, as amended.

///

///

## SECOND CLAIM: DISABILITY DISCRIMINATION IN VIOLATION OF NRS 613.330

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

34. Plaintiff was discriminated against and discharged from his employment because of his disability in violation of NRS 613.330(1)(a) and limited, segregated, or classified in a way so as to deprive him of the benefits of his employment with Defendant in violation of NRS 613.330(1)(b).

35. Defendant acted with malice, fraud, or oppression subjecting it to punitive damages under NRS 42.005.

36. Plaintiff is entitled to the relief available under NRS 613.432.

### III.   DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendants, and each of them, and requests relief as follows:

1. For all remedies available under the State and Federal Statutes giving rise to the claims set forth herein;
2. For actual and compensatory damages in an amount to be determined by a jury at trial;
3. For general damages in an amount to be determined by a jury at trial;
4. For nominal damages if appropriate;
5. For Punitive and/or Exemplary damages in an amount to be determined by a jury at trial;
6. For Attorney fees;
7. For costs of suit;
8. For pre-judgment interest;
9. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

10. For a trial by jury of all issues that may be tried to a jury;

11. For equitable and injunctive relief as appropriate including reinstatement without loss of seniority or other benefits of employment or, in the alternative, front pay in lieu of reinstatement; and

12. For such other and further relief as the court may deem just and equitable.

DATED this 30th day of November, 2020.

                                /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff LEROY EDWARD DOOLEY