UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEROY EDWARD DOOLEY, )
  )
        Plaintiff, ) Case No.: 2:21-cv-00420-GMN-DJA
   vs. )
  ) **ORDER**
NEVADA GOLD MINES, LLC, a limited )
liability company; DOES I-X; ROE )
BUSINESS ENTITIES I-X, )
  )
        Defendants. )

Pending before the Court is the Motion to Change Venue, (ECF No. 10), of Defendants Nevada Gold Mines, LLC,[1] *et al.* (collectively, "Defendants"). Plaintiff Leroy Edward Dooley ("Plaintiff") filed a Response, (ECF No. 15), to which Defendants filed a Reply, (ECF No. 16).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Change Venue.

I. **BACKGROUND**

This case arises from an employment discrimination dispute between Plaintiff and Defendant Nevada Gold Mines, LLC ("NGM"), his former employer. Plaintiff worked for NGM at a mine site in Eureka County, Nevada, but attended training in Elko County, Nevada, where most human resources and administrative staff are located. (Mot. Change Venue ("MCV") 2:13–16, ECF No. 10). Plaintiff originally filed this action in state court, but Defendants removed the case to federal court on March 12, 2021. (*See* Statement Regarding Removal ¶¶ 1, 9, ECF No. 1). Although Defendants removed the case to the Northern Division

---

[1] The parties stipulated that Nevada Gold Mines, LLC, was formed after a joint venture merger and has assumed the liabilities from Newmont USA Limited that may potentially arise out of this case. (*See* Stipulation 1:27–22, ECF No. 22). As such, "NGM is the real party in interest and the proper named Defendant in this case." (*See* Order 2:1–2, ECF No. 23).

of the District of Nevada (the "Northern Division"), the Court transferred the case to the Southern Division. (*See* Min. Order, ECF No. 5 in Case No. 3:21-cv-00126).  On March 15, 2021, Defendants filed the instant Motion. (*See generally* MCV).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A motion to transfer lies within the broad discretion of the district court, and is determined on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action might have been brought, and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Operation: £Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1111 (D. Nev. 2012) (citing *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (citation and quotation marks omitted)).

The case-by-case approach has led courts to balance several factors in determining if transfer is appropriate.  Although the relevant factors vary with facts of specific cases, *see Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N. D. Cal. 2001), the following factors are generally considered in a transfer motion:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The movant bears the burden of showing that transfer is appropriate. *Operation: Heroes, Ltd.*, 903 F.Supp.2d at 1111.

### III.  DISCUSSION

Defendants argue the Court should transfer this matter to the Northern Division because the facts that Plaintiff's Complaint relies upon arose in northern Nevada. (MCV 2:2–10). Plaintiff opposes transfer, arguing Defendants removed the action from the Eighth Judicial District Court, within Clark County, Nevada, and the Clerk of this Court determined "that the case belonged in the Southern Division." (Resp. 2:24–3:13, ECF No. 15). He also opposes transfer because the Court is holding nearly all proceedings via videoconference or telephone because of COVID-19.[2] (*Id.* 3:15–17).

Civil actions "must be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose." LR IA 1-8(a). The Court has two unofficial divisions: (1) the Southern Division, encompassing, among others, Clark County; and (2) the Northern Division, encompassing, among others, Elko and Eureka counties. LR IA 1-6. Further, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). In addition, "[u]pon motion, . . . any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). On a motion for an intradistrict transfer, the court analyzes the same factors as for an interdistrict transfer. *See United States v. All Funds on Deposit in*

---

[2] The Court recently suspended the General Order 2020-04 and the Third Amended Temporary General Order 2020-03 that instructed trials to be postponed and for other proceedings to be held via videoconference or telephone. (*See* Am. Temporary General Order 2020-04 3:6–13); (Fourth Am. Temporary General Order 1:20–2:2). Court proceedings may go forward with face coverings unless the presiding judge orders otherwise. Thus, Plaintiff's argument is moot.

*Business Money Market Account*, 319 F. Supp. 2d 290, 293 (E.D.N.Y. 2004) (analyzing intradistrict transfer).

First, the Court considers whether the Northern Division is a jurisdiction in which the action "might have been brought." The facts surrounding the case arose in counties within the Northern Division. (*See* MCV 2:3–4); (Compl. ¶¶ 3–4, 10, 12–18, Ex. 2 to Pet. Removal, ECF No. 1-1). For example, NGM maintains places of business in Elko and Eureka counties. (*See* MCV 2:3–4). Plaintiff worked in several of Defendant's locations, including its Eureka mine site. (Compl. ¶¶ 4, 10, Ex. 2 to Pet. Removal). The alleged discrimination occurred while Plaintiff worked in Defendant's Eureka mine site. (Compl. ¶¶ 4, 10, 12–18, Ex. 2 to Pet. Removal). As a result, "a substantial part of the events . . . giving rise to the claim occurred" in Elko and Eureka counties. *See* 28 U.S.C. § 1391(b)(2). Thus, this action "might have been brought" in the Northern Division.

Next, the Court considers whether the transfer is being made for "the convenience of parties and witnesses, and in the interest of justice" by turning to the eight factors when considering transfer of venue. The first factor weighs in favor of transfer. With respect to the first factor, the underlying alleged employment discrimination occurred in Elko County. (*See* MCV 2:13–16); (Compl. ¶ 10, Ex. 2 to Pet. Removal). As to the second factor, Plaintiff's claims arise from federal and Nevada law, therefore, Nevada is most familiar with the governing law. (*See* Compl. ¶¶ 21–36, Ex. 2 to Pet. Removal). As such, both divisions in this District are familiar with the governing law.

Under the third factor, "[c]ourts generally give deference to a plaintiff's choice of venue." *See Ed. Planeta Mexicana, S.A. de C.V. v. Argov*, No. 2:11-cv-01375-GMN-CWH, 2012 WL 3027456, at *5 (D. Nev. July 23, 2012); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, deference is "substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the

activities alleged in the complaint." *Argov*, 2012 WL 3027456, at *5 (quoting *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006)). Here, Plaintiff's choice of forum is not where he resides, and the underlying incident giving rise to the instant action took place in counties within the Northern Division. (*See* Compl. ¶¶ 3–4, 10, 12–18, Ex. 2 to Pet. Removal). However, the Court must give some deference to Plaintiff's choice of forum.

The fourth and fifth *Jones* factors concern the respective parties' contacts with the forum and the contacts relating to Plaintiff's cause of action in the chosen forum, respectively. *Jones*, 211 F.3d at 498. When "at least some of the events giving rise to this lawsuit occurred in [the plaintiff's choice of forum], all parties have contact with [that forum]." *Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1113. These factors counsel in favor of transfer because, as noted *supra*, the alleged discriminatory conduct took place in counties within the Northern Division, and Defendants have several places of business in counties within the Northern Division. (*See* Compl. ¶¶ 10, 12–18, Ex. 2 to Pet. Removal).

Sixth, generally, the party seeking transfer should demonstrate that potential witnesses will be significantly more convenienced by litigating the case in the venue they seek transfer to. *See Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1114. Here, Defendants contend litigating this matter in the Northern Division is more convenient because "any non-party witnesses who might be called [to testify] or deposed in this case live in Elko . . . or Eureka County . . . ." (MCV 3:16 –17). Plaintiff agrees that "the witnesses will primarily be located" in Elko. (Resp. 3:18–20). Although Plaintiff avers the location of the courthouse is irrelevant to discovery proceedings, (*Id.*), that all, or mostly all, of the witnesses are in counties within the Northern Division weighs in favor of transfer.

Seventh, federal courts can compel a witness to testify "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1)(B).  As stated above, the witnesses likely reside in Nevada. (MCV 3:16–17); (Resp. 3:18–20).  Assuming this is true, the Northern and Southern Divisions can likely compel the witnesses to testify in this case.  Thus, this factor is, at best, neutral.

Finally, parties must demonstrate why evidence is "difficult or costly to transport." *Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1115 (citing *Kida W. Holdings, LLC v. Mercedes–Benz of Laguna Niguel*, No. 3:07-cv-00523, 2008 WL 217043, at *4 (D. Nev. Jan. 18, 2008) ("much of the evidence Defendants cite is easily transported to the District of Nevada and Defendants have not shown that they would be significantly burdened by transporting the documents.").  Here, Defendants contend that evidence related to Plaintiff's "work duties may be required in Court or may need inspection," and transporting evidence from Eureka or Elko County to Las Vegas may be burdensome. (MCV 4:19–22).  However, Defendants do not demonstrate with sufficient detail why transporting evidence would be "difficult or costly to transport."  As Plaintiff points out, Eureka and Elko counties are hundreds of miles away from both the North Division's and Southern Division's courthouses. (Resp. 3:17–18).  Therefore, because the evidence may likely have the same burden to transport to the Northern Division as it would the Southern Division, and because Defendants have not demonstrated transporting the evidence to the Southern Division will be difficult or costly, this factor is neutral.

On balance, the factors weigh in favor of transferring this case to the Northern Division.  Many of the *Jones* factors in this case are in the interests of justice, including judicial economy and the convenience of the parties and witnesses.  Judicial economy supports granting transfer because the alleged discriminatory conduct occurred in Eureka County, Defendants have several places of business in counties within the Northern Division, and all, or nearly all, of the witnesses reside, work, or regularly transact business in counties within the Northern Division.  Although Plaintiff's preferred choice of forum is the Southern Division, this Division "lacks a

significant connection to the activities alleged in the complaint." *Argov*, 2012 WL 3027456, at *5. Accordingly, the Court grants Defendant's Motion to Change Venue.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Change Venue, (ECF No.10), is **GRANTED**. The Clerk of Court is directed to **TRANSFER THIS CASE** to the District of Nevada, unofficial Northern Division, under 28 U.S.C. § 1404(a), reassign the case number back to 3:21-cv-00126, and close this case.

**DATED** this __22__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court